UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-128-TBR

FIRST FINANCIAL BANK,                                                               PLAINTIFF
NATIONAL ASSOCIATION

v.

TIMOTHY N. WILLIAMS                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Timothy Williams' motion to transfer venue. [DN 5.] Plaintiff First Financial Bank ("First Financial") responded, [DN 14], and Defendant replied, [DN 15.] Fully briefed, this matter is now ripe for adjudication. For the reasons stated herein, Defendant's motion is **DENIED.**

**I.     Background**

This action arises out of Defendant Williams' former employment with First Financial. Williams was Vice President of Mortgage Services for Heritage Bank from October 2013 until July 22, 2019. [DN 4-2 at 3.] Heritage Bank maintained its headquarters in Hopkinsville, Kentucky and operated in locations throughout Southwest Kentucky and Northern Tennessee. [DN 4-2 at 32.] Heritage Bank merged into First Financial on July 27, 2019. [*Id.* at 9.]

In January 2017, Williams entered into an Employment Agreement with Heritage Bank. [*Id.* at 3.] The employment agreement selected Christian County Circuit Court for the venue and Kentucky law to govern. [DN 4-3 at 5.] First Financial alleges Williams planned secret meetings with employees of Heritage Bank and encouraged them to remove confidential business information. [DN 4-2 at 7-8.] Heritage Bank terminated Williams who began working for First Advantage. [*Id.* at 9.]

First Financial initiated this suit against Williams on September 5, 2019 in Christian County Circuit Court. [*Id.* at 41.] Williams subsequently removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. [DN 1.] Williams then filed the motion to transfer venue at hand.

## II.     Legal Standard

28 U.S.C. § 1404(a) provides that, for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plain text of § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d (6th Cir. 2009).

The Court evaluates various private- and public-interest factors, always mindful to "give some weight to the [plaintiff's] choice of forum." *Id*. Factors that are relevant include (1) the convenience of the witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based upon the totality of the circumstances. *McDorman v. D&G Properties,* 2018 WL 6133167 *3 (W.D. Ky. Nov. 21, 2018).

"As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012).

### III. Discussion

**A. Could the Action Have Been Filed in The Middle District of Tennessee**

First Financial asserts that this suit could not have been filed in the Middle District of Tennessee. Plaintiff relies on the forum selection clause within the employment agreement. The clause unambiguously states that any suit is to be brought in the Circuit Court of Christian County, Kentucky. However, the Court disagrees. When determining whether an action could have been brought in a specific forum under § 1404, the Court only considers whether the federal venue laws are satisfied. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Therefore, the Court will examine whether this claim meets the requirements for § 1332 diversity jurisdiction.

First Financial is a banking association with its principal place of business in Terre Haute, Indiana. Defendant is domiciled in Clarksville, Tennessee. The Court also agrees that it is established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Smith v. Wyeth, Inc.*, 488 F.Supp.2d 625, 630 (W.D. Ky. 2007). *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001). Therefore, this action could have been brought in the Middle District of Tennessee when analyzing only under the federal venue laws. Williams has satisfied the first prong.

**B. Whether the Factors Weigh in Favor of Transfer**

1. **Convenience of Witnesses**

"The convenience of the witnesses has been recognized as perhaps the most important factor in the transfer analysis." *McDorman v. D&G Properties,* No. 5:18-cv-36-TBR, 2018 WL 6133167, at *3 (W.D. Ky. Nov. 21, 2019). Those witnesses that are employees or closely aligned with a party are "presumed to be willing to testify in either forum despite the inconvenience." *Id.* (quoting 17 Georgene M. Vairo, *Moore's Federal Practice* § 111.131(f)(iii)). Here, there is no dispute that the majority of Williams' witnesses live in Clarksville and two witnesses live in Nashville. On the other hand, the majority of First Financial's witnesses live in Hopkinsville, Kentucky.

It is presumed that First Financial's witnesses will travel to any forum due to their employment. Williams has not given any indication that the witnesses he anticipates calling would not travel to Paducah. The majority of Williams' and First Financial's witnesses will be required to travel whether the case is heard in the Western District of Kentucky of the Middle District of Tennessee. The difference in travel between the two districts is not so significant that it is such an inconvenience. This factor does not weigh in favor of transfer.

2. **Accessibility of Relevant Evidence**

Williams asserts that this factor weighs in favor of transfer because the relevant evidence should be stored in "either Terre Haute, Indiana or Clarksville, Tennessee." [DN 6 at 4.] In response, First Financial states that the location of documents is unknown at this stage. Further, First Financial states that this factor "is of little importance because technological advancements have facilitated the electronic storage and transmission of documents from one forum to another." *Cowden v. Parker & Associated, Inc.,* 2010 WL 715850, at *4 (E.D. Ky. Feb. 22, 2010). The Court agrees. "The location of documents is a relatively less important consideration in the transfer

convenience analysis, given the comparatively low cost of transporting documents." *Mcintosh v. E-backgroundchecks.com, Inc.,* No. CIV. A. 5:12-310-DCR, 2013 WL 954281, at *4 (E.D. Ky. Mar. 11, 2013). This factor does not weigh in favor of transfer.

### 3. Convenience of Parties

A venue transfer may not be warranted if the result is simply to shift inconvenience from one party to another. McDorman, 2018 WL6133167, at *5. "When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *Id.* at *14 (citing *In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003). Here, there is no choice of forum that will be convenient for both parties. The Court will not transfer venue if the effect is just to shift the burden from one party to the other. *Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800 (E.D. Mich. 2009) (citation omitted). The distance between the location of the witnesses and Paducah are not significantly more burdensome than the distance to Nashville. Therefore, this factor weighs against transfer.

### 4. Locus of Operative Facts

First Financial asserts that operative facts in this case occurred in both Clarksville, Tennessee and Hopkinsville, Kentucky. Rather than stating that no operative facts occurred in Hopkinsville, Williams asserts "[t]he Middle District of Tennessee has the most salient connection to the operative facts of this case." [DN 6 at 5.] Where "each location has a significant connection to the operative facts of [the] case", the factor does not carry much weight. *McDorman,* 2018 WL 6133167 *6 (W.D. Ky. Nov. 20, 2018).

Here, First Financial has asserted both breach of contract and breach of fiduciary duties claims against Williams. [DN 4-2 at 11-14.] Williams managed employees located in both

Kentucky and Tennessee. First Financial alleges that Williams solicited employees who worked in the Kentucky office. [DN 14 at 13.] This would be an operative fact of the breach of fiduciary duties and breach of contract non-solicitation claim. Therefore, First Financial has asserted a significant connection.

The Court agrees that Clarksville has a connection with the breach of the non-compete covenant. Since Williams is currently employed by First Advantage Bank in Clarksville, that is where any alleged breach would take place. The Court also agrees that an alleged breach of fiduciary duties and non-solicitation may have also occurred in Clarksville as he was employed at that location. This factor cannot carry much weight since both parties have asserted a significant connection to each venue. Therefore, this factor is neutral.

### 5. Availability of Compulsory Process

Because this Court's subpoena power to compel the attendance of out-of-state witnesses for a trial, hearing, or deposition extends only 100 miles, that power cannot reach witnesses located in Nashville. Fed. R. Civ. P. 45(c)(1)(A). Accordingly, should it become necessary for a court to compel the attendance of any witnesses that reside more than 100 miles from the Western District of Kentucky, such as any Nashville witnesses, a court in the Middle District of Tennessee would be in a better position to exercise that power. True, as First Financial argues, it may not prove necessary to subpoena any witnesses in this case since Williams has not identified any potential issues in getting these witnesses to testify. Nonetheless, this factor weighs in favor of Williams, even if only slightly.

### 6. Cost of Obtaining Willing Witnesses' Testimony and Parties' Relative Means

Williams asserts that this factor weighs in favor of transfer. "Some courts have recognized, as a matter of common sense, that an individual party may have less means to litigate than a

company party. *McDorman*, 2018 WL 6133167 *6 (W.D. Ky. Nov. 20, 2018). It is uncontested that Williams, an individual, has less means than First Financial, a corporate party. However, this fact is not enough alone to require transfer. However, Williams has not stated the significance of this difference in means. Whether venue is transferred or not, Williams and the majority of witnesses will be required to travel. The Court does not find, nor does Williams allege, that this difference in travel will create such a burden on him. Although the Court recognizes the difference in available means between the parties, it does not find that this difference creates an unfair inconvenience for Williams. Therefore, the factor weighs against transfer.

7. **Forum's Familiarity with Governing Law**

"There is a strong preference in Kentucky for applying Kentucky law." *Id.* Williams did not take a position on what state law applies. He states that the factor weighs in favor of transfer because "there is no reason why the U.S. District Court for the Middle District of Tennessee would be so unfamiliar with Kentucky law that it would be unable to apply it." [DN 6 at 7.] First Financial asserts that the choice of law provision in Williams' employment contract requires the claim to be governed under Kentucky law. The Court agrees. "Kentucky has an interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action." *Pogue v. Principal Life Ins. Co.,* 2015 WL 5680464, at *3 (W.D. Ky. Sept. 25, 2015). Kentucky is clearly at home with Kentucky law. Therefore, Kentucky law governs this case and the factor weighs against transfer.

8. **Plaintiff's Forum Choice**

Generally, courts give great weight to the Plaintiff's choice of forum. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). On the other hand, "this

factor is not dispositive," *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998), particularly in cases in which several of the transfer factors weigh strongly in the defendant's favor. *Reese*, 574 F.3d at 320.

Here, the forum First Financial chose was the Circuit Court for Christian County, Kentucky. Williams then removed the case to this Court. Although First Financial did not choose this specific forum, both parties contracted and agreed to having any litigation in Kentucky. The Court will not further disturb the agreed upon forum by transferring this case to the Middle District of Tennessee.

### 9. Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances

The Court has determined that the convenience of the witnesses, convenience of the parties, means of the parties, the Plaintiff's choice of forum, the forum's familiarity with the governing law, and the accessibility of relevant evidence all weigh against transfer. The locus of operative fact was split between the Middle District of Tennessee and the Western District of Kentucky and is therefore neutral. The only factor weighing in favor of transfer is the availability of process to compel the attendance of unwilling witnesses. Williams has not met his burden of proving that this case should be transferred to the Middle District of Tennessee. Therefore, the Court exercises its broad discretion under 28 U.S.C. § 1404 and **DENIES** William's motion to transfer the case to the Middle District of Tennessee.

## IV. Conclusion

For the foregoing reasons, Defendant's motion, [DN 5], is **DENIED**. **IT IS HEREBY ORDERED** that William's Motion to Transfer Venue is **DENIED.**



**Thomas B. Russell, Senior Judge**
**United States District Court**

September 25, 2019

cc: Counsel