UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00128-TBR-LLK

FIRST FINANCIAL BANK
NATIONAL ASSOCIATION                                           PLAINTIFF

v.

TIMOTHY N. WILLIAMS, *et al.*                                  DEFENDANTS

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery issues. [DN 45]. Plaintiff, First Financial Bank National Association ("First Financial"), filed a Motion to Compel against Defendant Timothy N. Williams and Defendant First Advantage Bank, National Association ("First Advantage"), claiming their respective responses to Plaintiff's discovery requests were deficient. [DN 68]. Defendant Timothy Williams filed a response in opposition to Plaintiff's Motion to Compel. [DN 71]. Defendant First Advantage did not. First Financial and First Advantage then jointly moved to, *inter alia*, withdraw the Motion to Compel, but only to the extent it pertains to First Advantage. [DN 74]. This was granted by the Court. [DN 77]. The remainder of First Financial's Motion to Compel, against Defendant Timothy Williams, is ripe for adjudication. For the foregoing reasons, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This matter arises out of an employment dispute between First Financial and its former employee, Timothy Williams. Plaintiff alleges that Williams violated his employment agreement and the non-compete provisions therein when: Williams allegedly encouraged those he supervised to leave First Financial; Williams went to work for a competitor, First Advantage; and, Williams sent himself confidential and/or proprietary non-public documents. [DN 27 at 1-10].

1

As a result of these alleged actions, First Financial asserts breach of contract and breach of fiduciary duty claims against Williams. [DN 27]. First Financial asserts unfair competition/raiding, tortious interference with contractual relations, and aiding and abetting breach of fiduciary duty claims against First Advantage. *Id.* Against both defendants, First Financial asserts civil conspiracy, fraud/misrepresentation, tortious interference with prospective business advantage, and conversion claims. *Id.* First Financial seeks injunctive relief and damages. *Id.*

On October 2, 2019, the Court granted First Financial's temporary Restraining Order ("TRO") against Defendant Williams. [DN 21]. In its Memorandum Opinion & Order, this Court required Williams to "immediately return all confidential documents and information in his possession or control that in any form and in any manner pertain to First Financial or Heritage Bank." *Id.* at 303. First Financial acknowledges that following that Order, Williams produced over 600 pages of documents to First Financial. [DN 68 at 808, FN 4].

Both First Financial and First Advantage filed separate motions for expedited discovery [DN 41 and DN 44]. This Court granted the Motions for Expedited Discovery. [DN 45]. In that Order, the scope of discovery was limited to issues addressed in the Motion for Preliminary Injunction and defenses thereto. *Id.* at 576.

First Financial then served discovery requests upon both First Advantage and Williams. Of relevance to the pending Motion to Compel, Williams served his responses to First Financial's seven interrogatories and thirteen requests for production on December 11, 2019. [DN 75-1]. No documents were produced at that time. *Id.* Notably, Williams signed and notarized his responses to both the interrogatories and requests for production, stating that the discovery responses were true and correct to the best of his knowledge. *Id.* at 918. On January 6, 2020, Defendant Williams

supplemented his discovery responses by providing, what First Financial described as, a "handful" of responsive documents. [DN 68 at 807]. First Financial now claims that Williams' document production is deficient.

## ANALYSIS

First Financial filed a Motion to Compel, claiming that Williams' responses to First Financial's requests for production are deficient because Williams produced very few documents. [DN 68]. In response, Williams contends that he has produced all documents in his possession. [DN 71 at 889]. For the foregoing reasons, the Motion to Compel is GRANTED IN PART AND DENIED IN PART.

A party may move to compel production if a party fails to respond to a request for production or fails to permit inspection or production of the requested documents. FED.R.CIV.P. 37(a)(3)(B)(iv). Importantly, "an evasive or incomplete disclosure, answer, or response, must be treated as a failure to disclose, answer, or respond." FED.R.CIV.P. 37(a)(4).

### I.   Requests for Production Nos. 7, 9, 10, 11, and 13.

First Financial sent thirteen requests for production to Williams. [DN 75-1]. In response to five requests, Williams clearly stated that he either did not have any responsive documents or that he had already produced all responsive documents in his possession.

Specifically, Williams responded that he had no responsive documents to Requests for Production Nos. 7 and 11. *Id.* at 915, 918. Williams responded to Requests for Production Nos. 9 and 10 by stating he had already produced any responsive documents in his possession and did not have access to any other documents that may be responsive. *Id.* at 916-918. Williams also unequivocally responded to Request for Production No. 13 by stating that all responsive documents had been produced. *Id.* at 918.

The Federal Rules of Civil Procedure allow parties to send requests for production, seeking documents and other items that are in a party's possession, custody, or control. FED.R.CIV.P. 34(a)(1). If the documents sought are not in a party's possession, custody, or control, they are not subject to the request for production. This makes sense, as a party cannot physically produce what it does not have or cannot control.

Here, in response to Requests for Production Nos. 7, 9, 10, 11, and 13, Williams clearly stated that he either has nothing to produce, has nothing else to produce, or that potentially responsive documents are not in his possession, custody, or control. [DN 75-1]. Since no further documents in response to those requests are in Williams' possession, custody, or control, First Financial's Motion to Compel is denied with respect to those specific requests.

## II.    Requests for Production Nos. 1-6.

Williams provided the same exact response to Requests for Production Nos. 1-6. In response to each, Williams stated:

> Many documents responsive to this request have already been produced to Plaintiff. Williams has not corresponded through any online messaging system or social media regarding any information or with any individuals relevant to this matter. During the relevant time period, Williams utilized a computer system and e-mail system owned by either Heritage Bank or First Advantage Bank. He no longer has access to those systems or computers and cannot produce those documents. Williams intends to produce any text messages or other documents from his cell phone that may be responsive to this request as coordinated with counsel and obtained through the agreed e-discovery vendor. [DN 75-1, 911-915].

Here, unlike with the unequivocal responses discussed above, Williams only states that "many documents" responsive to the requests have already been produced. Williams does not state that all have produced, or that he has nothing to produce. This answer is evasive and incomplete and, therefore, must be treated as a failure to respond.

First Financial's Motion to Compel is granted as to Requests for Production Nos. 1-6. Williams is to supplement his response and either produce all responsive documents that have not been produced to date, or clearly and unequivocally state that all responsive documents in his possession, custody, or control have already been produced. Furthermore, Williams is to sign and verify this response.

### III.   Request for Production No. 8.

First Financial's Request for Production No. 8 and Williams' response thereto is as follows:

> **REQUEST FOR PRODUCTION NO. 8:**
> Produce the Employment Agreement and any other writing or document that relates to any aspect of your recruitment, contact with, or acting on behalf of, First Advantage Bank, N.A. including, but not limited to, all employment-related documents, documents related to Your recruitment, hiring, employment, and any restriction or limitations on your employment, if any, and any understanding, agreement, or offer by First Advantage Bank, N.A. regarding payment or reimbursement for Your attorney's fees for litigation relating to Your employment with First Advantage bank, N.A.
>
> **RESPONSE:  Objection in the respect that this Request seeks to discovery [*sic*] information that is protected by attorney-client privilege.  Subject to and without waiving that objection, First Advantage Bank paid for the legal fees associated with Williams' representation early in this litigation.  Once First Advantage Bank was added as a party, Williams bore the cost of his attorneys' fees for this litigation.**  [DN 75-1 at 916].

While Williams addressed a small portion of the discovery request, providing information about First Advantage's payment of his attorney's fees, Williams ignored and failed to respond to the majority of Request for Production No. 8.  In addition to documents regarding payment of attorney's fees, Request for Production No. 8 also seeks: Williams' Employment Agreement with First Advantage; any documents reflecting Williams' contact with First Advantage; any documents that relate to Williams acting on behalf of First Advantage; documents related to his recruitment, hiring, and employment with First Advantage; and documents related to any restrictions or

limitations on his employment with First Advantage. *Id.* at 916. None of this was addressed in Williams' response. *Id.* at 916.

The scope of Request for Production No. 8 is clearly broader than Williams' response. The response is, therefore, evasive or incomplete and must be treated as a failure to respond. First Financial's Motion to Compel is granted as to its Request for Production No. 8. Williams is to supplement his response, producing all responsive documents, or clearly and unequivocally stating either that there are no responsive documents, or all responsive documents in his possession, custody, or control have already been produced. Furthermore, Williams is to sign and verify this response.

## IV. E-Discovery

In response to a number of requests for production (Requests for Production Nos. 1-6, 9-10, and 12), Williams asserts that he is working with an e-discovery vendor to obtain documents that may be located on his cell phone and also to produce his cell phone or computer for inspection.

First Financial's Motion to Compel does not specifically address Williams' attempts to obtain these additional documents using an e-discovery vendor. [DN 68]. The Motion as it pertains to those documents Williams claims he is attempting to obtain through an e-discovery vendor is, therefore, denied without prejudice at this time. The parties are ordered to meet and confer within ten days from the entry of this Order to discuss the timeline and the protocol that will be used going forward to obtain the e-discovery documents.

## CONCLUSION

For the reasons set out above, **IT IS HEREBY ORDERED**:

1. Plaintiff First Financial's Motion to Compel Defendant Timothy Williams is **GRANTED IN PART AND DENIED IN PART**.

2.  Defendant Timothy Williams is to supplement his responses to Plaintiff's Requests for Production Nos. 1, 2, 3, 4, 5, 6, and 8 within fourteen days of the entry of this Order. Defendant Williams must produce any responsive documents to those requests that he has not produced to date. If Defendant has no such documents, Defendant Williams must either affirmatively state that he has no responsive documents, or that he has produced all responsive documents of which he is aware.

3.  Plaintiff's Motion to Compel is denied as to Plaintiff's Requests for Production Nos. 7, 9, 10, 11, 12, and 13.

4.  To the extent Defendant Williams is utilizing an agreed to e-discovery vendor to investigate potential sources for additional responsive documents, Plaintiff and Defendant Williams are hereby ordered to meet and confer within ten days from the entry of this Order to discuss the timeline and the protocol that will be used going forward to obtain the e-discovery documents. The parties are instructed to contact the Court if they are unable to reach an agreement on the appropriate timeline and protocol.

**IT IS SO ORDERED.**

January 28, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

cc:     Counsel of Record