UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:19-CV-00128-TBR-LLK

FIRST FINANCIAL BANK NATIONAL ASSOCIATION                    PLAINTIFF

v.

TIMOTHY WILLIAMS, *et al.*                                              DEFENDANTS

## OPINION & ORDER

Senior Judge Thomas B. Russell referred this matter to U.S. Magistrate Judge Lanny King for ruling on all discovery motions.  [DN 98].

This matter is currently before the Court on a motion to quash.  On April 9, 2021 movant PennyMac Loan Services, LLC filed its motion to quash defendant First Advantage Bank's Subpoena.  [DN 128].  Defendant First Advantage Bank responded.  [DN 129].  And the movant filed their reply.  [DN 138].

This order shall address all related filings.  On May 13, 2021 the parties filed a proposed agreed order for extension of time for the movant to file a reply.  [DN 135].  On June 1, 2021 the objector filed the declaration of William Chang.  [DN 142].  On June 9, 2021 defendant sought leave to file a sur-reply.  [DN 146].  Defendants filed a proposed order, [DN 147], and the objector filed a response, [DN 149].  On June 18, 2021 the objector requested a hearing for an oral argument on their motion to quash.  [DN 148].  The objector filed a proposed order, [DN 152], and the defendant responded, [DN 155].

Finally, the movant filed two motions for leave to seal documents.  [DN 139, 143].  They filed their sealed reply, [DN 140], and declaration, [DN 144].  Related to the sealed reply, objector filed their proposed order, [DN 141], defendant's their response, [DN 145], and the objector filed their reply, [DN 150].  Related to the sealed declaration, the defendant responded, [153], and the objector replied, [DN 154].  The Motion is now fully briefed and ripe for adjudication.

1

DISCUSSION

Defendant subpoenaed the nonparty movants requesting: "Documents that reflect the total volume of mortgage loans purchased, by total number of loans and purchase price, by you from First Financial Bank, National Association and/or Heritage Bank USA, Inc. between January 1, 2017 and the present." [DN 128-1]. Movants ask this court to quash the requests; asserting that (1) "the requested information and documentation contains highly sensitive and confidential commercial information that will cause substantial harm . . . if publicly released[;]" (2) "compliance is . . . unduly burdensome as First Advantage can obtain the documents and information requested in the Subpoena through a standard Rule 34 request for production upon First Financial[;]" and (3) improper service. [DN 128 at 2, 138 at 1-2].

Fed. R. Civ. P. 45 governs nonparty subpoenas and a court "must quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018), *reh'g denied* (May 17, 2018), *cert. denied sub nom. New Prod. Corp. v. Dickinson Wright, PLLC*, 139 S. Ct. 289 (2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

The parties may obtain discovery of any non-privileged matter that is relevant to any issue in the case, so long as it is "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). So here, the movant "seeking to quash a subpoena bear[] the ultimate burden of proof." *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D.Ohio 2011). They face "the burden to establish that the material either does not come within the scope of relevance or is of such marginal

relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007).

The movant does not allege that the documents are privileged or contain trade secrets. Rather, they argue that they are not discoverable as they contain confidential commercial information, that the information could more easily be obtained from the plaintiff, and that the court should 'proceed cautiously' in enforcing a subpoena on a non-party.

First, the movant argues that the subpoena ought to be quashed because the documents contain confidential commercial information. They assert that the volume and purchase prices are "unique" to the movant; that the disclosure of this information "would reveal to competitors the reasons and strategy behind PennyMac's success." [DN 128 at 4].[1]  It is not clear to the court why this naked assertion ought to prevent discovery in this case. This is particularly true where the next line of briefing by movant acknowledges that the information goes to the heart of the case. *Id.* ("Moreover, PennyMac's interest in protecting its confidential commercial information is especially serious given that the present case involves allegations of the misuse and misappropriation of confidential and trade secret information."). Defendant correctly points out that a "movant cannot demonstrate confidentiality by resting on vague and conclusory assertions." [DN 129 at 4 (citing *B.L. v. Schuhmann,* 2020 WL 3145692, at *5 (W.D. Ky June 12, 20210))]. Additionally, confidentiality concerns are assuaged where documents exchanged in this discovery

---

[1] The movant provided similar reasoning as to why both the reply and the declaration of William Chang ought to be sealed: each "include[] highly confidential and sensitive information regarding PennyMac's internal business practices and procedures. These internal practices and procedures detail PennyMac's unique business operations and are not accessible or available to the public." [DN 139, 143]. However, designation by one party as confidential commercial information is not a sufficient reason to seal documents from the public after the movant placed the documents into the judicial record. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). After analyzing the particular documents, the Court finds that the movant failed to provide analysis to explain why sealing was required, the documents facially did not contain confidential information, nor did they show that the interest outweighed the public's interest in access. [DN 140, 144]. These documents are not entitled to the protections of the stipulated protective order. [DN 136].

shall be entitled to the protection of the stipulated protective order entered by this Court. [DN 136]. This will restrict produced prices and volume from use by either competitors or the public.

Here, defendant argues that the total number of loans and their purchase price is relevant to test plaintiff's claim that plaintiff did business with the investors identified, to rebut the claim that defendant used the information to its economic gain, to evaluate its confidentiality, and to determine how significant the sales were to plaintiff's business. [DN 129 at 8-9]. This information is relevant to defendant's claims and defenses. To determine whether the subpoena should be quashed, that relevance must be weighed against the burden to the non-party. While the request is broad, defendant is "not seeking borrower identifying information from Penny Mac." [DN 129 at 10]. The request was described with particularity. The time covered is reasonable as Defendant's only request documents from the relevant time period: January 1, 2017 to the present. Finally, the court must evaluate these factors in light of the need of the requesting party. The defendant in this case requires this relevant information for their defenses and have no other avenue to obtain it.

The movant alleges that "[b]ecause the requested documentation is already in Plaintiff First Financial's possession, [defendant] can 'more conveniently, less burdensomely, and less expensively' obtain the identical documentation by propounding a straightforward request for production upon [plaintiff]." [DN 128 at 8 (citing Fed R. Civ. P. 26(b)(2)(C)(i))].[2] To be sure, if defendants could obtain this information in a less burdensome way, they ought to; here, however, they cannot. The plaintiff swore under oath that they could not access this information. [DN 129-

---

[2] The movant is admonished to check their citations. Here, Rule 26 is misquoted. Similarly, citation to "Fed. R. Civ. P. 45(c)(3)(A)(iv)" was incorrect and misleading. [DN 128 at 4-5]. Further, the movant should notate when emphasis is not original. *Id.*

2 at 2-3]. And movants were aware of this because defendant "informed counsel for [movant] that [defendant] had indeed already first made a discovery request to Plaintiff. . . ." [DN 129 at 11].

As pointed out by movants, non-party status is a relevant factor. [DN 128 at 5]. When dealing with a non-party, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013). Though, even with heightened caution, the information sought ought to be turned over. Here, the movants alone possess definitive information regarding the total value of mortgage loans purchased. Thus, while the court is sensitive to the burden to movants, that burden is minimal. Because the relevance of the number and price of mortgage loans to defendant's defenses is clear, the information is discoverable.

Movant relies, primarily, on three cases throughout their briefing of the issue; arguing that "[a]s demonstrated by *Blount*, *Caudill*, *Brown*, and the Rule 45 balancing factors, the Subpoena to PennyMac is unduly burdensome and should be quashed." [DN 128 at 7]. Citation to these cases is misplaced. In *Caudill*, the Court quashed the subpoena where the information sought was "abundantly disclosed" during discovery, in fact, the party "ma[de] no effort to identify specific information covered by its subpoena that was not previously disclosed during discovery or at trial." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc*., 2021 WL 141704, at *6 (W.D. Ky. Jan. 14, 2021). In *Brown*, the Court took issue, not with the request for fifty title reports, but with the incomparably broader wording of the request for "any related documents." *Brown v. Tax Ease Lien Servicing, LLC*, 2017 WL 6940735, at *4 (W.D. Ky. Aug. 21, 2017). As mentioned previously, the request at issue in this case is sufficiently particular and easily distinguishable as it is not open ended. And in *Blount*, the information requested in each subpoena would have been

5

more convenient, less burdensome, and less expensive if asked in a deposition, rather than procuring the personal phone records of non-party employees. *Blount v. Stanley Eng'g Fastening*, 2021 WL 932033, at *3 (W.D. Ky. Mar. 11, 2021).  And in some, the information was duplicative. *Id.*  In this case, the discovery sought cannot be obtained from some other source, and has not already been provided by any source.

Finally, movants argue that the subpoena was also procedurally deficient.  The argument, in total, is provided here:

> As an initial matter, it should be noted that First Advantage's Subpoena was issued to "PennyMac Loan Services, LLC." However, "PennyMac Corp." is the specific entity involved with the acquisition of newly-originated U.S. residential mortgage loans from small banks and independent mortgage loan originators on the secondary mortgage market. The two entities are affiliates, and while the Subpoena was issued to the wrong entity, PennyMac still seeks to quash the Subpoena in an abundance of caution, as it is both procedurally and substantively improper.

[DN 138 at 1-2].  First, a reply brief is no place for 'initial matters.'  Second, the movant fails to forward a legitimate process argument.  Finally, it is not well taken where, in the same brief, movant makes clear that they have access to and control over the records sought.  [DN 138 at 2 ("PennyMac Loan Services, LLC is the servicer and custodian of records for the mortgage loans purchased by PennyMac Corp.")].

CONCLUSION

The Court, having reviewed the parties' briefing in this matter, arguments from counsel, the record, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

1. Movant's motion to quash is **DENIED.**  [DN 128].  Movant shall produce the number and purchase price of all mortgage loans purchased from Heritage Bank and First Financial Bank from January 1, 2017 to the present.

2. The proposed agreed order for extension of time for PennyMac Loan Services, LLC to file reply in further support of motion to quash subpoena, is **GRANTED**.  [DN 135].

3. The motion for permission to file a sur-reply is **DENIED** as moot.  [DN 146].

4. The motions for leave to seal documents are **DENIED.**  [DN 139, 143].

5. The motion for hearing for an oral argument on PennyMac's motion to quash First Advantage Bank's Subpoena is **DENIED** as moot.  [DN 148].

October 7, 2021

**Lanny King, Magistrate Judge**
**United States District Court**

c:      Counsel of Record